[No. B203662. Second Dist., Div. Four. Aug. 28, 2008.]

In re ANTONIO B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO B., Defendant and Appellant.

436

COUNSEL

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**WILLHITE, J.**—Two teenagers are walking side by side down a street at around 2:30 in the afternoon. One of them is smoking a marijuana cigarette. Three plainclothes police officers approach them and identify themselves as police officers. The teenager who is smoking immediately throws his cigarette down on the ground, where one of the officers retrieves it and identifies it by smell as marijuana. The teenager who threw down the cigarette is arrested. Appellant, his companion, is handcuffed, after which one of the officers asks for permission to search him. He consents, and the officer finds illegal drugs. The question presented in this appeal is whether handcuffing appellant under these circumstances constituted a de facto arrest without probable cause, such that the illegal drugs found as a result of the search must be suppressed as the product of an unlawful arrest.

■ We hold that the conduct of the police officers exceeded a reasonable detention under the circumstances, and that appellant was under arrest at the time the officer asked for permission to search him. Because there was no probable cause to arrest him at that time, his consent to the search was not voluntary, and the evidence discovered as a result of the search must be suppressed.

## PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed a petition alleging that appellant, Antonio B., was a minor within the meaning of Welfare and Institutions Code[1] section 602. The petition alleged two counts: possession of marijuana for sale (count 1, a felony violation of Health & Saf. Code, § 11359), and possession of cocaine for sale (count 2, a felony violation of Health & Saf. Code, § 11351). Appellant denied the petition and moved under section 700.1 to suppress the evidence discovered as a result of what he alleged was an illegal search. The court denied the motion. Appellant then admitted the allegation in count 1, and count 2 was dismissed under a negotiated settlement. Appellant was declared a ward of the court under section 602, and was placed on probation in the home of his parents. He timely filed a notice of appeal under section 800, subdivision (a), from the order denying his motion to suppress and declaring him a ward of the court.

## FACTUAL BACKGROUND

Only one witness testified at the hearing on appellant's motion to suppress: Detective Hugo Cepeida, a juvenile narcotics enforcement officer of the Los

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

Angeles Police Department. He testified that he and his two partners were driving westbound on Sixth Street near Chicago Avenue when he saw appellant (who was 16 years old) and another minor walking eastbound on Sixth Street. The two minors were walking side by side, about two feet apart. There was no one else near them. The other minor was smoking what appeared to be a hand-rolled cigarette, holding it the way someone would hold a marijuana cigarette.

The police officers made a U-turn in their unmarked car and parked in an alley. They got out of their car and approached the minors. As soon as they identified themselves as police officers, the minor with the cigarette threw it to the ground. One of the officers picked up the discarded cigarette and identified it as marijuana. They immediately arrested the minor who threw away the cigarette. They also detained appellant because, in Detective Cepeida's experience, marijuana tends to be a communal drug; when one person is smoking it, his companions usually join in smoking it.

Detective Cepeida handcuffed appellant, then asked appellant if he could search him. Appellant gave his consent. Detective Cepeida asked appellant if he had anything sharp or anything that might hurt him, and appellant said he did not. Detective Cepeida then asked appellant if he had anything he was not supposed to have. Appellant replied that he had cocaine in his left front pocket. Detective Cepeida reached into appellant's pocket and removed a baggie that contained four small baggies holding a powder resembling cocaine. One of the other officers made a further search of appellant and found a sock in appellant's groin area that held six baggies containing a green leafy substance resembling marijuana.

When asked by defense counsel why he handcuffed appellant before asking permission to search him, Detective Cepeida testified, "We always handcuff people if we're going to detain him [*sic*]. For further investigation, it's our procedure and our policy to handcuff people." Later, when the prosecutor asked what the policy reason was for handcuffing someone he was going to detain, Detective Cepeida responded, "It's our procedure that if anybody is going to be detained for [a] period of time, and we know we're going to arrest them, we handcuff them."

## DISCUSSION

Our federal and state Constitutions prohibit unreasonable seizures. (U.S. Const., 4th Amend.; Cal. Const., art. I, § 13.) " 'A seizure occurs whenever a police officer "by means of physical force or show of authority" restrains the liberty of a person to walk away.' " (*People v. Celis* (2004) 33 Cal.4th 667, 673 [16 Cal.Rptr.3d 85, 93 P.3d 1027].) A seizure can be an

arrest or a detention. (See, e.g., *In re James D.* (1987) 43 Cal.3d 903, 911 [239 Cal.Rptr. 663, 741 P.2d 161].)

■ An arrest "must be supported by an arrest warrant or by probable cause. [Citation.] Probable cause exists when the facts known to the arresting officer would persuade someone of 'reasonable caution' that the person to be arrested has committed a crime." (*People v. Celis, supra*, 33 Cal.4th at p. 673.)

■ Probable cause is not, however, necessary for a detention. "[A]n officer who lacks probable cause to arrest can conduct a brief investigative detention when there is ' "some objective manifestation" that criminal activity is afoot and that the person to be stopped is engaged in that activity.' " (*People v. Celis, supra*, 33 Cal.4th at p. 674.) "But '[t]he scope of the detention must be carefully tailored to its underlying justification. [¶] The predicate permitting seizures on suspicion short of probable cause is that law enforcement interests warrant a limited intrusion on the personal security of the suspect. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. This much, however, is clear: an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. [Citations.] It is the State's burden to demonstrate that the seizure it seeks to justify on the basis of a reasonable suspicion was sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure.' " (*People v. Soun* (1995) 34 Cal.App.4th 1499, 1516 [40 Cal.Rptr.2d 822], quoting *Florida v. Royer* (1983) 460 U.S. 491, 500 [75 L.Ed.2d 229, 103 S.Ct. 1319].)

■ "The distinction between a detention and an arrest 'may in some instances create difficult line-drawing problems.' " (*People v. Celis, supra*, 33 Cal.4th at p. 674.) A police stop that began as an investigative detention may "become so overly intrusive that it can no longer be characterized as a minimal intrusion designed to confirm quickly or dispel the suspicions which justified the initial stop. [Citation.] When the detention exceeds the boundaries of a permissible investigative stop, the detention becomes a de facto arrest requiring probable cause. [Citation.] However, there is no hard and fast line to distinguish permissible investigative detentions from impermissible de facto arrests. Instead, the issue is decided on the facts of each case, with focus on whether the police diligently pursued a means of investigation reasonably designed to dispel or confirm their suspicions quickly, using the least intrusive means reasonably available under the circumstances." (*In re Carlos M.* (1990) 220 Cal.App.3d 372, 384 [269 Cal.Rptr. 447]; see also *People v. Campbell* (1981) 118 Cal.App.3d 588, 595–596 [173 Cal.Rptr. 442]

[stop may be an arrest "if the restraint employed by the police goes beyond that which is reasonably necessary for a detention"].)

In the present case, there is no dispute that the police officers had cause to conduct an investigative detention of appellant, but they did not have probable cause to arrest him at the time of the stop. The question presented is whether the conduct of the officers in handcuffing appellant transformed the valid detention into an invalid arrest. The trial court concluded it did not, and denied appellant's motion to suppress. On review of that ruling, we defer to the trial court's factual findings if they are supported by substantial evidence, but we exercise our independent judgment to determine whether, on those facts, the seizure met the constitutional standard of reasonableness. (*People v. Leyba* (1981) 29 Cal.3d 591, 596–597 [174 Cal.Rptr. 867, 629 P.2d 961].)

We begin by noting, as the did the trial court, the Supreme Court's statement in *People v. Celis* that handcuffing a suspect for a short period does not *necessarily* transform a detention into an arrest. (*People v. Celis, supra*, 33 Cal.4th at p. 675.) This does not mean, however, that handcuffing a suspect will *never* transform a detention into an arrest. The issue is whether the use of handcuffs during a detention was reasonably necessary under all of the circumstances of the detention. (*In re Carlos M., supra*, 220 Cal.App.3d at p. 385; *People v. Campbell, supra*, 118 Cal.App.3d at p. 594.) We look to "the facts known to the officers in determining whether their actions went beyond those necessary to effectuate the purpose of the stop, that is, to quickly dispel or confirm police suspicions of criminal activity." (*People v. Celis, supra*, 33 Cal.4th at pp. 675–676.)

In the cases cited by the Supreme Court as examples in which handcuffing a suspect did not convert a detention into an arrest, the police officers conducted the stops based upon reports of violent felonies by persons matching the descriptions of the detained suspects and/or their vehicles (*People v. Soun, supra*, 34 Cal.App.4th at pp. 1512, 1518; *In re Carlos M., supra*, 220 Cal.App.3d at pp. 381, 383; *United States v. Bautista* (9th Cir. 1982) 684 F.2d 1286, 1287), or reports indicating that the suspect was armed (*Haynie v. County of Los Angeles* (9th Cir. 2003) 339 F.3d 1071, 1075; *U.S. v. Alvarez* (9th Cir. 1990) 899 F.2d 833, 835) or that the suspect was seen leaving the scene of an attempted burglary (*Gallegos v. City of Los Angeles* (9th Cir. 2002) 308 F.3d 987, 989). The suspects were handcuffed when there was a concern that they would flee and/or the suspects outnumbered the police officers conducting the detention (*People v. Celis, supra*, 33 Cal.4th at p. 676; *United States v. Bautista, supra*, 684 F.2d at pp. 1287–1288), when the suspects were going to be transported to another location for possible identification by the victims (*In re Carlos M., supra*, 220 Cal.App.3d at pp. 381, 385; *Gallegos v. City of Los Angeles, supra*, 308 F.3d at p. 989),

when the officers discovered the suspect was armed (*U.S. v. Alvarez, supra,* 899 F.2d at p. 835), or when the suspect refused to obey the officer's commands (*Haynie v. County of Los Angeles, supra,* 339 F.3d at p. 1077). In other words, at the time of the detention, the officer had a reasonable basis to believe the detainee presented a physical threat to the officer or would flee. (See, e.g., *People v. Pilster* (2006) 138 Cal.App.4th 1395, 1405–1406 [42 Cal.Rptr.3d 301] [" 'where an officer has a reasonable basis to think that the person stopped poses a present physical threat to the officer or others, the Fourth Amendment permits the officer to take "necessary measures . . . to neutralize the threat" without converting a reasonable stop into a *de facto* arrest' "].)

No such circumstances are present in the instant case. Here, the officers detained appellant because he was walking with another teenager who was smoking marijuana, and they believed appellant might also have been smoking marijuana. Unauthorized possession of marijuana is a misdemeanor, punishable by a fine. (Health & Saf. Code, § 11357.) The officers outnumbered the suspects, one of whom was in handcuffs incident to his valid arrest, there was no one else in the vicinity, and appellant did not attempt to flee. In short, there is no evidence to suggest that the officers had any basis to believe that appellant posed a danger to them or that handcuffing him was necessary to effectuate the purpose of the stop, i.e., to determine whether appellant had been smoking marijuana.

Detective Cepeida's "policy" of handcuffing any suspect he detains for further investigation regardless of the circumstances of the stop ignores the constitutional directive that a detention based upon reasonable suspicion of criminal activity must be conducted using the least intrusive means reasonably available under the circumstances of that particular detention. (*People v. Celis, supra,* 33 Cal.4th at pp. 674–675.) Because the use of handcuffs on appellant during the stop was not warranted under the circumstances, the seizure constituted an arrest rather than a detention. As there was no probable cause to arrest appellant at the time he was handcuffed, the arrest was illegal, and the consent to be searched, which on this record flowed directly from the illegal arrest, was not voluntary. Therefore, the evidence discovered must be suppressed. (*Wilson v. Superior Court* (1983) 34 Cal.3d 777, 783–784, 791 [195 Cal.Rptr. 671, 670 P.2d 325] [evidence found in search must be suppressed when defendant consented to search during illegal detention]; *People v. Valenzuela* (1994) 28 Cal.App.4th 817, 833 [33 Cal.Rptr.2d 802] ["it is axiomatic that a consent to search produced by an illegal arrest or detention is not voluntary"].)

## DISPOSITION

The order denying appellant's motion to suppress and sustaining the petition is reversed.

Epstein, P. J., and Manella, J., concurred.