Filed 7/18/22 In re A.R. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. A.R., Defendant and Appellant. | E077812 (Super.Ct.No. J285771) OPINION |

APPEAL from the Superior Court of San Bernardino County. Susan Slater, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant A.R., a minor, appeals from an order of nonwardship probation (Welf. & Inst. Code, § 725, subd. (a)), which was based on a finding that he resisted, delayed, or obstructed a peace officer in violation of subdivision (a)(1) of Penal Code section 148. A.R. challenges the sufficiency of the evidence and argues the deputy was not engaged in the lawful performance of his duties at the time of the incident because he lacked probable cause and statutory authority to make an arrest and used excessive force. We affirm.

BACKGROUND

On April 18, 2020, San Bernardino County Sheriff's Deputy Kevin Nguyen was dispatched to a liquor store in a strip mall in the city of Adelanto in response to a complaint of people loitering in the parking lot. When Nguyen, who was in uniform and driving a marked patrol vehicle, pulled into the parking lot, he was flagged down by a woman who pointed at A.R., who was standing six to eight feet away, and said he had assaulted her son. A.R. turned and began walking away, and Nguyen followed in his vehicle and called out to A.R. through the open car window to stop and come talk to him. A.R. turned to look at Nguyen and then continued walking away, tossing an unknown object into a trash can. Nguyen told A.R. to stop and place his hands on the hood of the patrol car. A.R. responded, "'For what?'" He told Nguyen he had done nothing wrong and continued walking away. Nguyen exited his vehicle, grabbed A.R. by the wrist, and told him to place his hands behind his back. A.R. did not comply, pulled away from Nguyen, and attempted to flee toward the front of the vehicle. Nguyen attempted to use

2

his body weight to push A.R. against the vehicle to get control of his hands. A.R. broke free of Nguyen's grasp and swung his elbow back towards Nguyen's head. Nguyen attempted to take A.R. down to the ground but lost his balance, got back up, and then brought A.R. to the ground. As Nguyen straddled him, A.R. continued to resist, grabbing Nguyen's wrists and lifting his hips and body upwards, so Nguyen delivered two strikes to A.R.'s face to gain compliance. A.R. then said he was done, and Nguyen told him to place his hands behind his back. A.R. said, "okay," and Nguyen handcuffed him and waited for backup to arrive. By that time, the woman who had flagged down Nguyen to report the assault was gone.

Nguyen cited A.R. for resisting a peace officer, and a petition was filed pursuant to subdivision (a) of Welfare and Institutions Code section 602. Part of the altercation between Nguyen and A.R. was captured by three different security cameras, and three short video clips were admitted into evidence and reviewed by the juvenile court. The court found true the allegation that A.R. had violated subdivision (a)(1) of Penal Code section 148, and A.R. was placed on summary probation for six months.

## DISCUSSION

A.R. argues there is insufficient evidence to support the juvenile court's finding of a violation of Penal Code section 148, subdivision (a)(1). "We therefore review the facts in a light most favorable to the finding, and presume all facts reasonably deduced from the record, to see if the finding of the juvenile court is supported by substantial evidence. [Citation.] Although this is a juvenile case, our review is governed by the same standards

3

that apply to adult criminal appeals. [Citation.]" (*In re R.W.* (2018) 24 Cal.App.5th 145, 148.)

"Every person who willfully resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment" has committed a misdemeanor. (Pen. Code, § 148, subd. (a)(1).) "The legal elements of that crime are as follows: "'(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties.'" [Citation.]" (*Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 894-895 (*Yount*).) "The lawfulness of the officer's conduct is an *essential element* of the offense of resisting, delaying, or obstructing a peace officer." (*In re Chase C.* (2015) 243 Cal.App.4th 107, 115.)

A.R. first asserts that Nguyen lacked statutory authority to arrest A.R. for assault based on the information provided by the woman who flagged down Nguyen in the parking lot, and because the arrest was unlawful, A.R. cannot be convicted of resisting a peace officer. Relying on Penal Code section 836, which allows a warrantless arrest for a misdemeanor only if it was committed in the officer's presence, A.R. argues the arrest lacked statutory authority because no assault was committed in Nguyen's presence and Nguyen did not testify that he had any information that would have elevated a simple misdemeanor assault to a felony. The argument fails because subdivision (a) of Welfare

4

and Institutions Code section 625 allows law enforcement officers to make warrantless arrests of juveniles for misdemeanor offenses without having to satisfy the "'in the presence'" requirement of Penal Code section 836. (*In re Samuel V.* (1990) 225 Cal.App.3d 511, 516; *In re Gregory S.* (1980) 112 Cal.App.3d 764, 772 & fn. 2 (*Gregory S.*).)

A.R. also argues that Nguyen lacked probable cause to arrest him for assault, because the woman who accused A.R. of assaulting her son did not state that she had witnessed the assault herself and Nguyen had not interviewed her son, who was the alleged victim of the assault. The argument fails because "Penal Code section 148, subdivision (a)(1) is unlike the law of many states in that it is not limited to a defendant's conduct in resisting arrest but extends to a defendant's resistance of an officer in the discharge or attempted discharge of *any* duty of his or her office." (*Yount, supra*, 43 Cal.4th at p. 894.) Nguyen did not testify that he was attempting to arrest A.R. for assault, nor did he claim to have probable cause for such an arrest. Rather, he testified that he had reasonable suspicion, based on the woman's identification of A.R. as the perpetrator of an assault, to detain him to prevent him from fleeing the area and to question him. "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231.) The woman's identification of A.R. as the person who had just assaulted her son,

coupled with the fact that A.R. turned and began walking away from Nguyen when the woman pointed him out, gave Nguyen reasonable suspicion to conduct an investigative detention. (See *People v. Lloyd* (1992) 4 Cal.App.4th 724, 733-734 [reasonable suspicion to stop and detain defendant where he was observed standing next to business in which a silent alarm had just been triggered and began walking away upon seeing police].) When he first told A.R. to stop and talk with him, Nguyen had reasonable suspicion to detain and question A.R., and Nguyen's observation of A.R.'s subsequent attempts to flee and to resist his lawful investigative detention provided probable cause to arrest A.R. for violating Penal Code section 148. (*Gregory S.*, *supra*, 112 Cal.App.3d at p. 778; *People v. Allen* (1980) 109 Cal.App.3d 981, 987; *In re Andre P.* (1991) 226 Cal.App.3d 1164, 1169.)

A.R. does not deny that Nguyen had reasonable suspicion to detain and question him. Instead, A.R. contends the initial detention was transformed into a de facto arrest without probable cause when Nguyen grabbed him by the wrist. "When the detention exceeds the boundaries of a permissible investigative stop, the detention becomes a de facto arrest requiring probable cause. [Citation.]" (*In re Carlos M.* (1990) 220 Cal.App.3d 372, 384 (*Carlos M.*).) A de facto arrest may result where "the restraint employed by the police goes beyond that which is reasonably necessary for a detention." (*People v. Campbell* (1981) 118 Cal.App.3d 588, 595-596 (*Campbell*).) A.R. cites two cases in which handcuffing a suspect was deemed excessive restraint under the circumstances, thereby converting an investigative detention into a de facto arrest, to

6

argue that Nguyen's grabbing A.R. by the wrist and commanding him to place his hands behind his back similarly imposed excessive restraint. In *In re Antonio B.* (2008) 166 Cal.App.4th 435, 442 (*Antonio B.*) the defendant was detained for walking next to another teenager who was smoking marijuana, on suspicion that he might also have partaken. The officers outnumbered the two juveniles, neither of whom resisted or attempted to flee, and there was nobody else nearby. The arresting officer gave no rationale necessitating the use of handcuffs apart from stating that it was his policy to handcuff any detained suspect regardless of the circumstances. *Antonio B.* expressly distinguished cases finding no de facto arrest where detained "suspects were handcuffed when there was a concern that they would flee . . . or when the suspect refused to obey the officer's commands." (*Id.* at pp. 441-442.) In *Campbell*, *supra*, 118 Cal.App.3d at pp. 595-597, the court held that detaining the defendant at gunpoint and conducting a patdown search for weapons was not a de facto arrest but that after the defendant was confirmed to be unarmed, was cooperative, and answered officers' questions, handcuffing him and transporting him to another location "exceeded a reasonable detention under the circumstances in that there was not an increasing degree of justification for the increasing degree of intrusion." (*Id.* at p. 597; but see *Carlos M.*, *supra*, 220 Cal.App.3d at p. 385 & fn. 7.)

Neither case resembles the circumstances presented here. Nguyen was investigating a report that A.R. had just committed an assault. The video evidence shows the encounter took place in a busy commercial strip mall with numerous bystanders.

7

A.R. failed to comply with Nguyen's request to stop, walking away and throwing an unknown object into the trash—behavior that, based on Nguyen's experience, indicated that A.R. might try to flee and that a patdown search for weapons should be conducted. Only after A.R. refused Nguyen's order to stop and place his hands on the hood of the vehicle did Nguyen exit his vehicle, grab A.R.'s wrist, and tell him to place his hands behind his back. We cannot agree that the degree of restraint employed by Nguyen exceeded that which was reasonably necessary for an investigative detention under the circumstances. (See *Gregory S.*, *supra*, 112 Cal.App.3d at p. 778 [officer's "action in holding appellant's arm to prevent his departure was within his authority to detain"]; *People v. Celis* (2004) 33 Cal.4th 667, 675-676 [no de facto arrest where risk of flight and officer safety justified stopping defendant at gunpoint, handcuffing him, and making him sit on the ground during brief protective sweep of house]; *People v. Turner* (2013) 219 Cal.App.4th 151, 170-171 [ordering defendant to the ground at gunpoint, handcuffing him, and checking for weapons were reasonably necessary for safety and did not result in de facto arrest].)

Finally, A.R. argues that the arrest was illegal because Nguyen used excessive force. He claims that the surveillance videos show him being tackled to the ground and punched while he is not resisting and poses no threat to Nguyen. We disagree with that characterization of the video evidence. Nguyen testified that even after he had successfully taken A.R. to the ground and was straddling his torso, A.R. still refused to put his hands behind his back, was instead grabbing Nguyen's wrists or shirt cuffs, and

8

was moving his hips and body upward attempting to dislodge the deputy. Nguyen, fearing he was going to be tossed off of A.R., delivered two strikes "to gain compliance to put his hands behind his back." That testimony is corroborated by the video, in which A.R. can be seen grabbing both of Nguyen's wrists as the deputy attempts to hold him down and straddle him, Nguyen manages to free his right hand from A.R.'s left and delivers two quick blows while A.R. continues to hold Nguyen's left wrist, only releasing his grip on the deputy some six seconds after having been struck.

Even if we did agree that Nguyen used excessive force, the uncontroverted evidence demonstrates that A.R. committed the charged offense before he was taken down and struck by Nguyen. Nguyen was conducting a lawful detention when he ordered A.R. to put his hands behind his back, and the video evidence shows A.R. escaping from Nguyen's grasp and moving away with his arms extended down at his sides, as A.R. concedes, before Nguyen takes him down. As the juvenile court concluded, even before force was used, "the defendant had already willfully resisted the officer by not putting his hands behind his back, not giving him his wrists." To the extent A.R. argues that excessive force used by police in response to a defendant's resistance renders the arrest unlawful or retroactively excuses the violation of Penal Code section 148, he is incorrect. "If a defendant delays, obstructs, or resists a police officer who is engaged in the lawful performance of his or her duties, the defendant may be convicted of violating section 148[, subdivision ](a)(1) even if the officer uses excessive

9

force subsequent to the completed violation." (*People v. Williams* (2018) 26 Cal.App.5th 71, 74; accord *Yount*, *supra*, 43 Cal.4th at p. 899.)

In sum, substantial evidence supports the juvenile court's finding beyond a reasonable doubt that A.R. violated subdivision (a)(1) of Penal Code section 148.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

RAPHAEL
J.