[No. B207163. Second Dist., Div. Six. Sept. 18, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
TYREE CHRISTOPHER COLLIER, Defendant and Appellant.

COUNSEL

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**YEGAN, J.**—Tyree Christopher Collier pled guilty to carrying a concealed firearm as a convicted felon (Pen. Code, § 12025, subd. (a)(2)) and possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). He entered the pleas and was sentenced to 16 months in state prison after the trial court denied his motion to suppress evidence. We affirm the order denying suppression.

*Facts*

On the afternoon of October 9, 2007, Los Angeles County Deputy Sheriff Alfredo Rosas stopped a teal Hyundai because it did not have a front license plate. (Veh. Code, § 5200, subd. (a).) Deputy Rosas spoke to the female driver and smelled marijuana emanating from the vehicle. Deputy Rosas's partner, Deputy Brett Binder, approached the passenger side of the vehicle and also smelled a strong odor of marijuana. Appellant was in the front passenger seat.

Deputy Binder asked appellant to step out of the car and asked him if he had weapons or anything illegal on his person. Appellant answered no. Appellant was taller than Deputy Binder and wore baggy shorts that hung down to his ankles and an untucked shirt that extended to his midlegs. The baggy clothing led him to believe that appellant might be concealing an otherwise bulging item, perhaps a weapon. So Deputy Binder patted appellant down for weapons to allay his fear. His suspicion proved to be well founded.

Appellant had a loaded Glock nine-millimeter handgun in his pants pocket. He also was carrying a jar of PCP. After his arrest, the officers searched the car and found a marijuana cigarette.

The trial court found that Deputy Binder, after smelling the strong odor of marijuana, "had a right to have the defendant step out of the vehicle. Once he observed the attire worn by the defendant and given the need to conduct a further investigation involving the interior of the vehicle, I think [Deputy Binder] was justified in doing a limited pat down for weapons . . . ."

*Discussion*

On review, we defer to the trial court's factual findings where supported by substantial evidence and independently determine whether, on the facts found, the patdown was reasonable under Fourth Amendment standards. (*People v. Leyba* (1981) 29 Cal.3d 591, 596–597 [174 Cal.Rptr. 867, 629 P.2d 961].) Where " 'probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.' " (*California v. Acevedo* (1991) 500 U.S. 565, 570 [114 L.Ed.2d 619, 628, 111 S.Ct. 1982], quoting *United States v. Ross* (1982) 456 U.S. 798, 825 [72 L.Ed.2d 572, 102 S.Ct. 2157].)

In the context of an ordinary traffic stop, an officer may not pat down a driver and passengers absent a reasonable suspicion they may be armed and dangerous. (*Knowles v. Iowa* (1998) 525 U.S. 113, 118 [142 L.Ed.2d 492, 498, 119 S.Ct. 484].) But this was no ordinary traffic stop. The officers smelled marijuana and asked the driver and passenger to step out so they could search the car interior.[1] Although appellant's presence in the car was not probable cause to arrest him for a drug offense, it furnished a rational suspicion that he may have been in the possession and transportation of drugs. (E.g., *People v. Fisher* (1995) 38 Cal.App.4th 338, 345 [45 Cal.Rptr.2d 57].)

---

[1] The female driver was wearing tight-fitting clothing and was not patted down for weapons. Had appellant been wearing nonbaggy clothing, we doubt that Deputy Binder would have entertained a suspicion that appellant might be armed. Our opinion should not be read as allowing the police carte blanche to pat down anyone wearing baggy clothing. But the wearing of baggy clothing, coupled with other suspicious circumstances, here, being in a car which reeks of marijuana, furnishes the requisite facts to support a patdown for weapons so that the search of the car could be safely performed.

■ The trial court correctly and reasonably ruled that there were specific and articulable facts to conduct a limited patdown based on officer safety and the presence of drugs. As the Fourth Circuit Court of Appeals has observed; "guns often accompany drugs." (*U.S. v. Sakyi* (4th Cir. 1998) 160 F.3d 164, 169.) "[I]n connection with a lawful traffic stop of an automobile, when the officer has a reasonable suspicion that illegal drugs are in the vehicle, the officer may, in the absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others." (*Ibid.*)

*People v. Dickey* (1994) 21 Cal.App.4th 952 [27 Cal.Rptr.2d 44] and *People v. Medina* (2003) 110 Cal.App.4th 171 [1 Cal.Rptr.3d 546] are factually distinguishable and not here controlling. In *Dickey*, there was no traffic stop and no indication that the driver was smoking or transporting drugs. The vehicle was parked on a rural dirt road and the driver ·was admiring the view. In *People v. Medina*, the patdown was based solely on a traffic stop late at night in a high-crime area. (*Id.*, at p. 174.)

■ Appellant argues that the patdown was unreasonable because there were no furtive gestures, no gang evidence, and the traffic stop was not in a high-crime area. True enough, but the patdown was reasonably necessary because the officers had probable cause to search the car interior and had decided to do so. When appellant alighted from the vehicle, the officer was concerned about his safety based on appellant's size, the baggy clothing, and the knowledge that appellant or the driver may have been smoking marijuana. The trial court said: "[I]f the officer or the deputies are permitted to investigate . . . the source of the [marijuana] odor, then there is nothing unreasonable about Officer Binder—or Deputy Binder's pat down of the defendant based on the odor [of] the marijuana in the vehicle and the baggie [*sic*] clothing. [¶] . . . [¶] I don't know how the deputy can be· expected to conduct any further investigation with the defendant standing there in baggie clothing if he as a reasonable fear that he might be armed at the time." We agree with this commonsense evaluation. ■ "The judiciary should not lightly second-guess a police officer's decision to perform a patdown search for officer safety. The lives and safety of police officers weigh heavily in the balance of competing Fourth Amendment considerations. [Citations.]" (*People v. Dickey, supra*, 21 Cal.App.4th at p. 957.) The Fourth Amendment has never been interpreted to " 'require that police officers take unnecessary risks in the performance of their duties.' [Citation.]" (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 110 [54 L.Ed.2d 331, 336, 98 S.Ct. 330].)

The judgment (order denying motion to suppress evidence) is affirmed.

Gilbert, P. J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2008, S167655.