Filed 12/22/14  P. v. Trejo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOSE TREJO,<br><br>　　　Defendant and Appellant. | B256917<br><br>(Los Angeles County<br>Super. Ct. No. MA062501) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles A. Chung, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, David C. Cook and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jose Trejo (defendant) appeals from the judgment entered upon a plea of no contest to possession of methamphetamine, challenging the trial court's denial of his motion to suppress evidence. He contends that the patdown search leading to the discovery of the evidence was unlawful because the facts known to the arresting officer did not reasonably support a suspicion that he was armed and dangerous. Finding no merit to defendant's contentions, we affirm the judgment.

## BACKGROUND

**Procedural history**

Defendant was charged with possession of a controlled substance, in violation of Health and Safety Code section 11377, subdivision (a). The information alleged that defendant had suffered a prior serious or violent felony conviction within the meaning of Penal Code sections 1170.12, subdivision (b), and 667, subdivisions (b)-(j) (the "Three Strikes" law),[1] and that he served three prior prison terms within the meaning of section 667.5, subdivision (b). After his arraignment defendant sought to suppress the evidence against him. On June 12, 2014, after the trial court denied the motion pursuant to section 1538.5, defendant entered into a plea agreement in which he pled no contest to the charged offense and admitted the prior strike conviction in exchange for a six-year prison term. Defendant filed a timely notice of appeal, challenging only the denial of his motion to suppress evidence.

**Prosecution evidence**

Los Angeles Sheriff's Deputy Donald Chavez testified that on March 23, 2014, at approximately 4:00 a.m., he and his partner, Deputy Roberts conducted a protective sweep of a residence as part of their assistance to the Department of Children and Family Services in removing a four-month-old child from parental custody. Prior to arriving at the child's location, Deputy Chavez determined that there were eight outstanding arrest warrants for several Hispanic males at that address, including the juvenile with custody of the child, Alexander Bravo (Bravo). The deputies knocked on the front door of the

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

residence which was opened by a parolee wearing baggy clothes and later identified as Glen Ordorica (Ordorica). Ordorica had the letters "A.G.K." tattooed on the back of his head, which Deputy Chavez knew stood for a local gang. Deputy Chavez was concerned that there might be other gang members in the house.

Ordorica was detained and the deputies entered the house, where they found Bravo who was placed under arrest. The deputies then knocked on other doors in the house to determine whether there were other occupants who might surprise or harm them during their investigation. Defendant was found asleep on the floor in one of the bedrooms with his girlfriend and two children. Defendant too was wearing baggy clothing and also had an "A.G.K" tattoo on the back of his head. Deputy Chavez did not know defendant's name at the time, and thought he might have been one of the subjects of the outstanding warrants. Defendant was detained in order to verify his name.[2] Before placing defendant in the patrol car, Deputy Chavez patted down defendant for weapons. In the process Deputy Chavez felt an object in defendant's front pocket. The object felt like a baggie containing a powdery substance. Deputy Chavez suspected narcotics and asked defendant what it was. When defendant replied that he did not know, Deputy Chavez asked permission to remove it from defendant's pocket. After defendant gave his permission, Deputy Chavez pulled out a substance resembling methamphetamine.

## DISCUSSION

Defendant contends that the patdown search of his person was unreasonable and thus unlawful under the Fourth Amendment to the United States Constitution.

"'The standard of appellate review of a trial court's ruling on a motion to suppress is well established. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]' [Citation.]" (*People v. Weaver* (2001) 26 Cal.4th 876, 924.) We consider the evidence in the light most favorable to the trial court's

---

[2]     It was determined that defendant was not a subject of any of the warrants and was not armed.

3

determination; thus we do not resolve conflicts in the testimony, reweigh the evidence or the reasonable inferences drawn from it, or judge the credibility of witnesses. (*People v. Woods* (1999) 21 Cal.4th 668, 673.)

Defendant makes clear that he does not challenge the deputies' authority to conduct a protective sweep of the house, nor does defendant challenge the deputies' authority to detain him. We agree that the protective sweep and detention were lawful. The deputies entered the house to arrest Bravo and perhaps others with outstanding warrants. As an incident to the arrest, officers may, "as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." (*Maryland v. Buie* (1990) 494 U.S. 325, 334.) Officers may properly detain the occupants of a home while executing a warrant there. (See *Michigan v. Summers* (1981) 452 U.S. 692, 702-703 [search warrant]; *People v. Hannah* (1996) 51 Cal.App.4th 1335, 1345-1346 [arrest warrant].)

An officer may perform a patdown search for weapons during a lawful detention, if he has reasonable grounds to suspect that the detained individual is armed and dangerous to the officer or others. (*Terry v. Ohio* (1968) 392 U.S. 1, 24 (*Terry*).) "[I]n determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. [Citation.]" (*Id*. at p. 27.)

Defendant argues that Deputy Chavez demonstrated a lack of reasonable suspicion when he replied, "I suspect everybody is armed until I find out otherwise," after being asked whether he had reason to suspect defendant was armed. Deputy Chavez's subjective suspicion is not dispositive, however, as the test for a patdown search is an objective one. (*People v. Osborne* (2009) 175 Cal.App.4th 1052, 1061.) The standard is whether "a reasonably prudent [officer] in the circumstances would be warranted in the belief that his safety or that of others was in danger. [Citations.]" (*Terry, supra*, 392 U.S. at p. 27.) The test is satisfied when the officer points to specific and articulable

4

facts, which along with rational inferences drawn from such facts, would reasonably support a suspicion that the suspect was armed and dangerous. (*In re H.M.* (2008) 167 Cal.App.4th 136, 143; see *Terry, supra*, at pp. 21, 27.)

The testimony of Officer Chavez satisfied the requirements: the deputies accompanied social services personnel to a residence frequented by gang members in order to remove the infant child of a resident of the house (which the trial court found to be an ordinarily emotional and potentially volatile situation); the deputies knew there were eight outstanding arrest warrants for men associated with the residence, including the infant's caretaker; a gang member parolee opened the door, causing Deputy Chavez concern there were other gang members in the house; defendant, apparently a gang member, was found sleeping in baggy clothing; the deputies considered that defendant could be one of the eight men subject to arrest warrants related to that house; it was dark; and there were only two deputies and the possibility of eight or more wanted gang members in the house.

In an effort to demonstrate that these facts did not reasonably support a suspicion that he was armed and dangerous, defendant cites authority holding that gang membership alone does not permit a detention (e.g., *People v. Hester* (2004) 119 Cal.App.4th 376, 392), or a search for weapons (e.g., *Spivey v. Rocha* (9th Cir. 1999) 194 F.3d 971, 978); and that baggy clothing alone does not provide the police with "carte blanche to pat down anyone wearing baggy clothing." (*People v. Collier* (2008) 166 Cal.App.4th 1374, 1377, fn. 1.)

We reject defendant's invitation to consider and reject only a few of the relevant facts simply because, standing alone, they would not support a reasonable suspicion. Instead, we must apply "a totality of the circumstances test" by considering all the facts. (*People v. Osborne, supra*, 175 Cal.App.4th at p. 1059; see also *People v. Souza* (1994) 9 Cal.4th 224, 230 [totality of circumstances to justify detention].) Baggy clothing is a relevant fact when considered along with other circumstances. (*People v. Collier, supra*, at p. 1377, fn. 1.) Further, "'[t]he fact that an area involves increased gang activity may be considered if it is relevant to an officer's belief the detainee is armed and dangerous.

5

While this factor alone may not justify a weapon search, combined with additional factors it may.' [Citations.]" (*In re H.M., supra*, 167 Cal.App.4th at p. 146; see also *People v. Limon* (1993) 17 Cal.App.4th 524, 534.) "[O]fficers are not required to ignore relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." (*Illinois v. Wardlow* (2000) 528 U.S. 119, 124.)

Defendant also suggests that the suspicious circumstances present in this case were outweighed by the fact that defendant was asleep with his family. He posits that "it is simply not reasonable to believe that a man sleeping with his girlfriend and two children, at 4:00 a.m., is armed and dangerous." We may not so lightly dismiss the officer's reasons for conducting a patdown search. (See *People v. Collier, supra*, 166 Cal.App.4th at p. 1378.) Because the concern for officer safety is both legitimate and weighty, "'it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties.' [Citation.]" (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 110, quoting *Terry, supra*, 392 U.S. at p. 23.)

Moreover, defendant was asleep in his clothing, a circumstance from which the deputies could reasonably infer that he was prepared for something other than just rest, particularly in view of the number of outstanding arrest warrants for persons associated with the home. We consider not only the facts articulated by Deputy Chavez, but also rational inferences to be drawn from them (*In re H.M.*, *supra*, 167 Cal.App.4th at p. 143), and we reject the conflicting inferences urged by defendant. (See *People v. Woods, supra*, 21 Cal.4th at p. 673.)

Finally, defendant notes that many facts found suspicious in other cases were not present here. Each case must be decided on its own facts. (*Terry, supra*, 392 U.S. at p. 30.) We conclude that the circumstances articulated by Deputy Chavez and the rational inferences that may be drawn from them amply justified a reasonable suspicion that defendant was armed and dangerous thereby permitting the limited patdown search for weapons.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

7