Filed 1/3/23  In re J.G. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B315147 (Super. Ct. No. 2021015353) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.G.,<br><br>    Defendant and Appellant. | |

J.G. appeals a judgment of the juvenile court sustaining a Welfare and Institutions Code[1] section 602 petition with a finding that he carried a loaded firearm in public in violation of Penal Code section 25850, subdivision (a).  J.G. was declared a ward of the juvenile court, committed to the "Juvenile Justice Facilities"

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

for a temporary period not to exceed 130 days, and the court placed him on probation and imposed probation conditions.  It declared a maximum period of physical confinement of three years.

The juvenile court did not make an express finding on whether the offense is a felony or misdemeanor.  We remand for the court to make these findings required by section 702.  In all other respects, we affirm.

FACTS

On an evening in June, Police Officer Jared Schmelter and his partner Randall Gonzales were working on a special gang enforcement unit.  They were in a police patrol car.

Schmelter saw J.G. riding his bike on the sidewalk.  The bike did not have a light, a violation of the California Vehicle Code.  J.G. looked in the direction of the officers and then immediately moved his left hand to his waistband and continued to ride.  Schmelter knew from his experience that people carrying weapons use this "guarding position."  Because J.G. was wearing baggy clothes, it was not possible to determine if he was carrying a weapon.

The officers conducted a "traffic stop."  Schmelter got out of the patrol car and talked to J.G.  It was a cool evening.  Schmelter noticed that J.G. was beginning to sweat from his forehead and he appeared to be "getting nervous."

The officers conducted a pat-down search for "officer safety purposes."  During the search, they seized a loaded handgun from J.G.'s waistband.  The gun contained "five nine-millimeter rounds."  They arrested J.G.

In a post-arrest custodial interrogation, the officers gave J.G. a *Miranda* warning; J.G. waived his rights and made a statement in response to police questioning.

The People filed a section 602 petition alleging that J.G. carried a "loaded firearm" on his person while in a public place on a public street in violation of Penal Code section 25850, subdivision (a), a felony offense. After an evidentiary hearing, the juvenile court denied J.C.'s motion to suppress evidence of the firearm.

At a pre-trial hearing, J.G. and the prosecutor agreed that evidence of J.G.'s statement in the custodial interrogation had to be excluded. The police did not give J.G., who was 16 years old, the opportunity to confer with counsel as required by section 625.6.

After an evidentiary hearing, the juvenile court sustained the petition. It imposed a series of probation conditions, including a condition to prevent J.G. from consuming alcohol.

DISCUSSION

*The Custodial Interrogation and Credibility Evidence*

J.G. notes that he was only 16 years old at the time of his arrest. After his arrest, the police read him his *Miranda* rights, but did not give him an opportunity to consult with counsel. (§ 625.6, subd. (a).) He claims the juvenile court properly suppressed the statement he made in violation of the consultation requirement. But it "erred by declining to consider the violation in weighing the testifying officer's credibility."

Section 625.6, subdivisions (a) and (b) provide: "(a) Prior to a custodial interrogation, and before the waiver of any Miranda rights, a youth 17 years of age or younger shall consult with legal counsel in person, by telephone, or by video conference. The

consultation may not be waived. [¶] (b) The court shall, in adjudicating the admissibility of statements of a youth 17 years of age or younger made during or after a custodial interrogation, consider the effect of failure to comply with subdivision (a) and, additionally, shall consider any *willful violation* of subdivision (a) in determining *the credibility of a law enforcement officer* under Section 780 of the Evidence Code." (Italics added.)

J.G.'s trial counsel argued that because the police officers did not comply with section 625.6, the juvenile court should consider that violation and evidence about that interrogation in determining the testifying officer's credibility. Defense counsel also offered a video of the custodial interrogation into evidence to support his claim that this was relevant evidence on the testifying officer's credibility.

The juvenile court noted that the People were not going to admit the statements J.G. made during the interrogation, and the interrogation occurred "an hour" after the "pat-down" and arrest. The court said, "I'm not going to hear any evidence regarding [the interrogation]. I don't see how it would be relevant to cross-examine or inquire of this officer as to how . . . the custodial statement was elicited."

*Adequacy of the Record*

The People claim this issue may not be considered because J.G. did not provide an adequate record on appeal. They note the video of the interrogation interview is not part of the record.

J.G. agrees the video is not part of the record, but he argues the video was introduced into evidence and was a major part of defense counsel's offer of proof on the officer's credibility.

The appellant has a duty to produce an adequate record on appeal to meet his burden to show error. (*People v. Garza* (2005)

4

35 Cal.4th 866, 881.)  Appellate courts cannot decide issues of trial court error on incomplete records.  " '[An] order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' " (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1529, 1532.)  But even on the record we have, the result does not change.

### Factors Supporting the Juvenile Court's Ruling

The juvenile court found that because the parties agreed to exclude the interrogation evidence, J.G. had not shown how that evidence was relevant on the remaining issues of the case involving the pat-down search and arrest that occurred one hour before the interrogation.

We review the trial court's decision to exclude evidence for abuse of discretion.  (*People v. Harris* (2013) 57 Cal.4th 804, 845.) The court may weigh the relevance and probative value of the proposed impeachment evidence before deciding to admit it. (*Ibid*.)

The statute allows the court to consider intentional violations of the statute in determining the admissibility of the defendant's custodial statement.  But here the issue of admissibility was not present because the defendant's custodial statement was excluded.

Moreover, J.G. did not show how noncompliance with section 625.6 was relevant to the officers' conduct and decision to arrest J.G. that occurred an hour earlier.  J.G. claimed the statute required the court to consider impeaching the officer's credibility.  But the statute requires consideration of impeachment of credibility for a "willful violation" of that statute. Counsel's offer of proof did not state sufficient facts to show the

noncompliance was willful.  He did not indicate what questions he would ask the officer on cross-examination to show a willful violation, or how that interrogation evidence would be relevant to show there was an unlawful arrest.

J.G. claims Schmelter had a "pattern and practice of ignoring the law."  But in his offer of proof, J.G.'s trial counsel did not claim that he had any specific evidence that the officers had a pattern or practice of violating the rights of other defendants, a history of unconstitutional arrests or discipline.

Moreover, given the evidence in this record, J.G. has not shown prejudicial error.  (*People v. Watson* (1956) 46 Cal.2d 818, 836.)  The People presented overwhelming evidence of J.G.'s guilt.  J.G. did not testify and he did not call any witnesses.  Schmelter's testimony was uncontradicted and corroborated.  J.G.'s trial counsel stipulated that it was not necessary to call Schmelter's partner, Officer Gonzales, to testify because Gonzales "would testify to the exact same observations and *articulable facts as to why the pat-down search was conducted*."  (Italics added.)  J.G.'s counsel extensively cross-examined the officer, and the juvenile court did not prevent counsel from introducing other impeachment evidence.

*Denying the Motion to Suppress*

J.G. contends the juvenile court erred by denying his motion to suppress the firearm.  He claims that "there were no specific and articulable facts to support a reasonable belief that [he] was armed."  We disagree.

"On appeal from the denial of a suppression motion, the court reviews the evidence in a light favorable to the trial court's ruling." (*In re Joseph G.* (1995) 32 Cal.App.4th 1735, 1738.)  The evidence must show the police officer had "articulable facts" to

6

support a reasonable decision to search the defendant. (*Id*. at p. 1739.) Here the People presented such evidence.

Officer Schmelter testified J.G. was riding his bike in violation of the California Vehicle Code. J.G. looked in the direction of the police officers and then immediately moved his left hand to his waistband and continued to ride. From his training and experience, Schmelter knew that people who have weapons on them use this "guarding position." It was evening and the temperature was cool. But J.G. began to sweat from his forehead. He was wearing a baggy sweatshirt, making it impossible to tell if he had a weapon on him. The officers believed it was necessary to conduct a pat-down search for "officer safety purposes." After a pat-down search of J.G. was conducted, the police obtained a loaded handgun from J.G.'s waistband.

Police officers may conduct a pat-down search when they have reasonable grounds to believe the suspect is armed. (*Terry v. Ohio* (1968) 392 U.S. 1. 24 [20 L.Ed.2d 889, 908].) " 'The judiciary should not lightly second-guess a police officer's decision to perform a patdown search for officer safety. The lives and safety of police officers weigh heavily in the balance of competing Fourth Amendment considerations.' " (*People v. Collier* (2008) 166 Cal.App.4th 1374, 1378.) The waistband is an area where a gun may be hidden. Officers who see a defendant moving his hands to his waistband as they approach may have reasonable grounds to conduct a pat-down search for officer safety. (*People v. Superior Court (Brown)* (1980) 111 Cal.App.3d 948, 956; see also *United States v. Robinson* (8th Cir. 2020) 982 F.3d 1181, 1185; *United States v. Cotton* (8th Cir. 2015) 782 F.3d 392, 396; *United States v. Padilla* (2d Cir. 2008) 548 F.3d 179, 189.) There were

7

specific and articulable facts that supported the officers' decision to conduct this search. (*In re Joseph G.*, *supra*, 32 Cal.App.4th at p. 1739.) But for Officer Schmelter's reasonable belief that J.G. was armed, it would not have been necessary to conduct a pat-down search of J.G. to further investigate the Vehicle Code infractions.

*Sufficiency of the Evidence of a Loaded Firearm*

J.G. claims the evidence was not sufficient to show that he possessed a loaded firearm. We disagree.

In deciding the sufficiency of the evidence, we do not weigh the evidence, decide evidentiary conflicts, or the credibility of the witnesses, and we draw all reasonable inference in favor of the judgment. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

Penal Code section 16840, subdivision (a) provides, "As used in Section 25800, a firearm shall be deemed to be 'loaded' whenever both the firearm and the unexpended ammunition *capable of being discharged* from the firearm are in the immediate possession of the same person." (Italics added.)

Schmelter testified he removed the ammunition from J.G.'s gun. There were "five nine-millimeter rounds." They appeared to be "active rounds." The rounds were designed to "shoot bullets or projectiles." From his training and experience, he determined they were capable of "shooting bullets." He testified the firearm he recovered "was capable of shooting." That is the critical factor. (Pen. Code, § 16840, subd. (a); *People v. Heffner* (1977) 70 Cal.App.3d 643, 650.) All the "mechanisms" were "in place" and "working properly" to be able "to shoot those bullets." The evidence is sufficient. (*Ibid*.; *People v. Ochoa, supra*, 6 Cal.4th at p. 1206.)

8

*An Unconstitutional Probation Condition?*

J.G. contends the juvenile court imposed a probation condition prohibiting him from "possess[ing] any paraphernalia, pictures, clothing, or other miscellaneous items that promote alcohol use." He claims this is "unconstitutionally vague because it does not sufficiently define what is considered an 'item' and what constitutes 'promoting' alcohol use."

"We review conditions of probation for abuse of discretion." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) "[A] probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' " (*People v. Hall* (2017) 2 Cal.5th 494, 501.)

We review the entire condition using a "common sense" approach to determine whether it is too vague to be understood. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129.) The court did not have to list every type of item that would be a probation violation. (*People v. Olguin*, *supra*, 45 Cal.4th at p. 382.) Instead, it provided reasonable notice that there are categories of items, including clothing, pictures, paraphernalia, and others, that have one goal – to "promote" alcohol use. Promoting the use of alcohol is a phrase that a reasonable person using common sense would understand. (*Rhinehart*, at p. 1129.) The phrase "items that promote alcohol use" is designed to prevent wards from circumventing the condition, and analogous language has been found to provide constitutionally valid notice about what is prohibited. (*Village of Estates v. Flipside* (1982) 455 U.S. 489, 492, 505 [71 L.Ed.2d 362, 375].)

J.G. contends a probation officer could cite him for watching a film or video showing people drinking. But the condition is limited to the ward's *intentional act* of *knowingly*

9

accumulating alcohol advertising *items* that could tempt the ward to consume alcoholic beverages. As held in *Hall*, probation conditions prohibiting possession of items are implicitly interpreted "to require knowledge of its presence and its restricted nature." (*People v. Hall*, *supra*, 2 Cal.5th at p. 501.) They are not traps for the unwary.

J.G. notes there may be items that make it difficult to determine whether they fall within the prohibited category. If there are such items, he has not shown why he could not call the probation officer for clarification. (*People v. Olguin*, *supra*, 45 Cal.4th at p. 382; *People v. Rhinehart*, *supra*, 20 Cal.App.5th at p. 1131.) The condition is valid.

*Need For a Remand*

The parties note that the juvenile court declared a maximum period of physical confinement, but it erred by not first declaring whether the offense was a misdemeanor or a felony, and a remand is required for the court to make that mandatory finding.

Section 702 provides, in relevant part, "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." Penal Code section 25850 is such an offense because it is a wobbler. (*In re D.D.* (2015) 234 Cal.App.4th 824, 829-830.) The duty to declare the offense as either a felony or misdemeanor is mandatory, and that finding is necessary to determine the maximum period of physical confinement. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1208-1209.)

10

## DISPOSITION

The case is remanded to the juvenile court to make findings on whether the offense is a felony or a misdemeanor and then make a new maximum period of physical confinement finding. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Ferdinand D. Inumerable, Judge

Superior Court County of Ventura

_____

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.