Filed 7/12/24  P. v. Bernard CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EVENS MARI BERNARD,<br><br>    Defendant and Appellant. | F085546<br><br>(Super. Ct. No. BF188130A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Tiffany Organ-Bowles, Judge.

Toni White, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Evens Mari Bernard was found guilty of possession of methamphetamine while armed with a loaded, operable firearm, possession of metal knuckles, and possession of methamphetamine. Defendant was sentenced to two years. On appeal, defendant contends the trial court erred in denying his motion to suppress evidence obtained during the patdown search of his person. Defendant argues there were no articulable facts to create a reasonable suspicion defendant was armed or dangerous. Defendant also argues his conviction for possession of methamphetamine should be reversed since possession of methamphetamine is a lesser included offense of possession of methamphetamine while armed.

The People agree the trial court erred in denying defendant's motion to suppress. While the People disagree the possession of methamphetamine is a lesser included offense of possession of methamphetamine while armed, the issue is moot.

The trial court erred in denying defendant's suppression motion. We reverse defendant's convictions and remand the matter with directions to the court to vacate its order denying defendant's suppression motion and enter an order granting defendant's suppression motion under Penal Code section 1538.5.

## PROCEDURAL BACKGROUND

On May 10, 2022, the Kern County District Attorney filed an information charging defendant with possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code,[1] § 11370.1, subd. (a); count 1), possession of metal knuckles (Pen. Code, § 21810; count 2), and possession of methamphetamine (§ 11377, subd. (a); count 3).

On May 31, 2022, counsel for defendant filed a motion to suppress (Pen. Code, § 1538.5). Defendant sought suppression of all evidence obtained during the patdown

---

[1]     All further statutory references are to the Health and Safety Code unless otherwise specified.

search of his person, arguing the search was unreasonable. The prosecution opposed defense counsel's motion to suppress, asserting the officer had reasonable suspicion for the search.

On June 9, 2022, the trial court conducted an evidentiary hearing on defendant's motion to suppress. The court denied defendant's suppression motion.

A jury trial began on October 26, 2022. A jury found defendant guilty as charged on all three counts.

On December 21, 2022, the trial court sentenced defendant to a determinate term of two years as follows: on count 1, two years; on count 2, 16 months; and on count 3, 364 days. The terms on counts 2 and 3 were stayed pursuant to Penal Code section 654.

On January 3, 2023, defendant filed a notice of appeal.

## FACTUAL BACKGROUND[2]

On November 19, 2021, at approximately 12:49 a.m., a policer officer was dispatched to a Bakersfield gas station to conduct a welfare check. Upon arrival, the officer found defendant asleep in the driver's seat of a truck at a gas pump. The truck's engine was running and the brake lights were on. The officer testified the brake lights indicated to him that the truck was still in drive.

The officer was concerned for defendant's safety. He thought defendant was intoxicated or suffering from a medical condition such as a heart attack or seizure. The officer also wanted to make sure the public was safe from defendant since he had fallen asleep at the wheel. The officer thought it was unusual to find an individual asleep in the driver's seat at a gas pump with his vehicle running in the middle of the night.

---

[2] The factual background provided is drawn from the testimony presented at the Penal Code section 1538.5 suppression hearing except as otherwise noted. Because the evidence presented at trial is not relevant to the issues before us, a full summary of it is omitted.

The officer knocked on the window of the truck several times to wake defendant. Once defendant was awake, the officer told him to put the truck in park, turn it off, and exit. Defendant complied with the officer's orders.

The officer noted defendant was wearing "baggy jeans, [a] baggy shirt, and [a] baggy jacket." The officer decided to conduct a patdown search of defendant's person after he exited the truck. Based on the officer's experience, people with heavy clothing can easily conceal weapons. As a result of the search, the officer found a firearm in defendant's pocket.

Defendant made no unusual or furtive movements after the officer awakened him. Defendant's pupils were not dilated. Other than defendant asleep in the driver's seat, there was nothing that led the officer to believe defendant was under the influence. Defendant was fully cooperative and listened to the officer's instructions. There was not a bulge in defendant's clothing. The only reason the officer searched defendant was because of his baggy clothing. The temperature outside that night was "fairly cold."

At trial, the officer testified that in a search incident to arrest, he found metal knuckles and a pill bottle containing methamphetamine on defendant's person after he discovered the firearm.

## DISCUSSION

### I. The Trial Court Erred in Denying Defendant's Motion to Suppress Evidence from a Patdown Search

The parties agree, as do we, the officer failed to articulate specific facts which justified a reasonable suspicion that defendant was armed and dangerous resulting in an unlawful patdown search of defendant's person.

### A. Additional Facts

In his motion to suppress, defense counsel argued there were no facts or evidence to justify a patdown search of defendant other than defendant's baggy clothing.

4

Defendant was cooperative with the officer, was not intoxicated, made no furtive movements, and had no bulges in his clothing.  The low temperature the night of the search was 47 degrees, which justified defendant's layered, baggy clothing.

The prosecution argued there was a reasonable suspicion for the patdown search due to defendant's baggy clothing and the concern for the public and officer's safety, since defendant was asleep in his truck while it was in drive.

At the evidentiary hearing on defendant's suppression motion, the officer testified there was nothing that led him to believe defendant was under the influence.  The officer relied on defendant's layered, baggy clothing as a reason for the patdown search.  The following exchange occurred between defense counsel and the officer:

> "[Defense counsel]:  The only reason you searched [defendant] was because of the clothing nature being baggy?
>
> "[Officer]:  Correct."

The trial court denied defendant's motion to suppress, stating, "At this time based on the facts presented to the Court, I do deny the motion."

## B. Analysis

"The Fourth Amendment of the federal Constitution requires state and federal courts to exclude evidence obtained from unreasonable government searches and seizures."  (*People v. Garry* (2007) 156 Cal.App.4th 1100, 1105.)  In reviewing a trial court's decision on a motion to suppress evidence obtained in an improper seizure, the appellate court "defer[s] to the trial court's factual findings, express or implied, where supported by substantial evidence.  In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, [the reviewing court] exercise[s] … independent judgment."  (*Id*. at p. 1106.)

In *Terry v. Ohio* (1968) 392 U.S. 1, 27, the United States Supreme Court held that a police officer who lacks probable cause to arrest may undertake a patdown search

5

"where [the officer] has reason to believe that he is dealing with an armed and dangerous individual .…" Similarly, "[a] police officer may temporarily detain and patsearch an individual if he believes that criminal activity is afoot, that the individual is connected with it, and that the person is presently armed. [Citation.] The issue is whether the officers can point to specific and articulable facts that give rise to a reasonable suspicion of criminal activity. Reasonable suspicion is a less demanding standard than probable cause and is determined in light of the totality of the circumstances." (*People v. Lindsey* (2007) 148 Cal.App.4th 1390, 1395–1396.)

The officer's patdown search was not justified based only on defendant's baggy clothing. Baggy clothing, without further evidence, does not provide reasonable suspicion for a patdown search. (*Ybarra v. Illinois* (1979) 444 U.S. 85, 93 [wearing a long jacket, without more, insufficient to support reasonable suspicion]; *People v. Thomas* (2018) 29 Cal.App.5th 1107, 1117 ["wearing a jacket or sweatshirt on a 'pretty warm' day" does not support reasonable suspicion]; cf. *People v. Collier* (2008) 166 Cal.App.4th 1374, 1377, fn. 1 ["the wearing of baggy clothing, coupled with other suspicious circumstances … furnishes the requisite facts to support a patdown for weapons .…"]; *People v. Fews* (2018) 27 Cal.App.5th 553, 558–560 [reasonable suspicion for a patdown search was found when the officer smelled and observed drugs, the defendant failed to comply with the officers' orders, he made fidgeting movements, appeared nervous, wore multiple layers of baggy clothing, and the traffic stop was performed in an area of high crime and drug use].)

In *People v. Dickey* (1994) 21 Cal.App.4th 952, 956, the denial of the defendant's suppression motion was reversed because there were no articulable facts showing the defendant was engaged in criminal activity or was armed. The encounter between the defendant and the two officers occurred when the officers noticed the defendant's car parked in the middle of a rural road and saw the defendant making " 'furtive movements

6

… around the driver's seat.' " (*Id*. at p. 954.) When the defendant gave the officer permission to search his bag, the officer found baking soda. (*Id*. at pp. 954–955.) The defendant appeared to be "nervous and sweating .…" (*Id*. at p. 955.) The officer conducted a patdown search and found cocaine in the defendant's pocket. (*Ibid*.) With respect to the officer's seizure of the contraband, the *Dickey* court reversed the denial of the defendant's suppression motion and held none of the facts of the case, "considered singly or in combination, would lead an officer to ' "… reasonably believe in the possibility that a weapon may be used against him .…" ' " (*Id*. at p. 956.) We agree with the *Dickey* court's analysis.

Here, the officer knocked on defendant's truck window in conducting a welfare check. Like in *Dickey*, there was no indication of criminal activity afoot, nor did the officer respond to a traffic violation or a crime. While defendant was asleep in the driver's seat with the truck still in drive, there was nothing that led the officer to believe defendant was armed or dangerous other than his baggy clothing worn on a cold night.

Defendant did not engage in quick or furtive movements, the officer did not observe any signs of intoxication, and defendant cooperated with the officer's instructions. Without specific and articulatable facts, defendant's baggy clothing alone cannot provide a reason to perform a patdown search.

Moreover, the officer's patdown search was not justified based on a generalized concern for the safety of himself and others. *Terry* requires objectively reasonable grounds based on specific and articulable facts that the defendant is armed and dangerous before the defendant may be subjected to a patdown search. (*Terry v. Ohio*, *supra*, 392 U.S. at p. 27.) Objectively reasonable grounds require "specific reasonable inferences," not an "inchoate and unparticularized suspicion or 'hunch .…' " (*Ibid*.) A concern for safety, without more, does not rise to the required level of finding. (*People v. Dickey*, *supra*, 21 Cal.App.4th at p. 956 [the potential that the defendant is armed, without

"specific and articulable" facts that show a suspect is armed and dangerous, does not justify a patdown search because "[i]n every encounter with a citizen by the police, the citizen may potentially be armed"].)

When the officer initiated the search, he had no basis to reasonably suspect defendant was armed and dangerous. The officer's concern for the safety of others contained no facts in support other than defendant may have been under the influence or was suffering from a medical condition. However, even those facts were rebuffed by the officer's testimony. Once defendant was awake and the officer observed him, there was nothing that led the officer to believe defendant was under the influence.

The patdown search of defendant was unlawful. Therefore, the seizure of evidence[3] that followed upon the unlawful patdown search should have been suppressed. (*People v. Medina* (2003) 110 Cal.App.4th 171, 179.)

## 1. No Harmless Error in Denying Defendant's Motion to Suppress

Evidence obtained from an illegal search implicates federal constitutional rights. (*People v. Garry*, *supra*, 156 Cal.App.4th at p. 1105.) Federal constitutional errors subject to harmless error review are reviewed under *Chapman v. California* (1967) 386 U.S. 18, which requires us to reverse the conviction unless the People can demonstrate the error was harmless beyond a reasonable doubt. (*People v. Reese* (2017) 2 Cal.5th 660, 671.)

The parties agree, as do we, the evidence obtained incident to the unlawful patdown search consisted of all the evidence that supported defendant's conviction in this case. The error was not harmless.

---

[3] The evidence unlawfully seized consisted of the metal knuckles, methamphetamine, and an operable firearm found on defendant's person during the patdown search.

**II.** **Defendant's Conviction for Possession of Methamphetamine is Not a Lesser Included Offense of Possession of Methamphetamine While Armed**

Defendant argues his conviction for possession of methamphetamine should be reversed because it is a lesser included offense of possession of methamphetamine while armed. The People disagree. We agree with the People.

Possession of methamphetamine under section 11377 is not a lesser included offense of possession of methamphetamine while armed with a loaded, operable firearm under section 11370.1. (*People v. Williams* (2009) 170 Cal.App.4th 587, 645.) A violation of the greater offense (§ 11370.1, subd. (a)) may be based on possession of another controlled substance, for example heroin or cocaine, substances that are not included in section 11377, subdivision (a). (*Williams*, at p. 645.) The underlying statutes do not contain all the same substances; thus, section 11370.1 may be violated without necessarily violating section 11377, subdivision (a). (*Williams*, at p. 645.) However, the issue is moot.

## DISPOSITION

Defendant's conviction is reversed. The matter is remanded and the trial court is directed to vacate its order denying defendant's motion to suppress and enter an order granting defendant's motion to suppress.